NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAMERCIER FIENELICE, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 19-72709 Agency No. A209-156-173 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:  SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Lamercier Fienelice, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Fienelice failed to demonstrate that the harm he experienced or fears was or would be on account of a protected ground. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (noting that "mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim"); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). We lack jurisdiction to review Fienelice's contention as to a pattern and practice of persecution against landowners in Haiti. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (generally requiring exhaustion of claims before the agency). Thus, Fienelice's asylum claim fails.

In his counseled opening brief, Fienelice does not raise any challenge to the agency's determination that he failed to establish eligibility for withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence also supports the agency's denial of CAT relief because Fienelice failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Haiti. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Fienelice's contention that the agency erred in its legal analysis or ignored evidence fails. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency adequately considered evidence and sufficiently announced its decision).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**